UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTANISLAO TUBAC CALI,<br><br>           **Plaintiff,**<br><br>     - against -<br><br>VIA BRASIL RESTAURANT and/or any other entities affiliated with or controlled by VIA BRASIL RESTAURANT, and LUIS GOMEZ, individually,<br><br>          **Defendants.** | Case No.:  18-cv-6263<br><br><br>**COMPLAINT** |

  The Plaintiff, ESTANISLAO TUBAC CALI, by his attorneys Virginia & Ambinder, LLP alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

  1.  This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 206, 207; New York Labor Law ("NYLL") Article 19 §§ 633, 652; NYLL Article 6 §§ 190, *et seq.*; and 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 146-1.4to recover unpaid minimum wages, overtime compensation, spread of hours compensation and damages arising from record-keeping violations owed to ESTANISLAO TUBAC CALI (hereinafter referred to as the "Plaintiff"), by VIA BRASIL RESTAURANT, (hereinafter "Via Brasil") and  LUIS GOMEZ and/or any other entities affiliated with or controlled by VIA BRASIL RESTAURANT and/or LUIS GOMEZ (hereinafter collectively referred to as "Defendants").

  2.  Defendants operate a restaurant known as Via Brasil, in Manhattan, New York.

  3.  Beginning in approximately March 2015 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay the Plaintiff earned minimum wages for work performed in connection with Defendants'

restaurant business at the time in which they are owed.

4.      Beginning in approximately March 2015 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring the Plaintiff to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

5.      Beginning in approximately March 2015, and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to provide Plaintiff with wage notices and wage statements in Plaintiff's' primary language, as required by applicable New York State law.

6.      Beginning in approximately March 2015, and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to provide Plaintiff with spread of hours compensation on the days when his shift exceeded ten hours in duration, as required by applicable New York State law

7.      The Plaintiff has initiated this action seeking unpaid minimum wages and overtime compensation that he was deprived of, as well as damages for Defendants' failure to provide weekly wage notices, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

8.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

9.      Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the

claims occurred in the Southern District of New York.

## THE PARTIES

10.     Plaintiff ESTANISLAO TUBAC CALI is an individual who resides in New York and who was employed by Defendants.

11.     Upon information and belief, Defendant VIA BRASIL is a corporation incorporated under the laws of the State of New York, with its principal place of business at 34 W. 46th Street, New York, New York, 10036 and is engaged in the restaurant business.

12.     Upon information and belief, Defendant LUIS GOMEZ is a resident of 34 W. 46th Street, New York, New York, 10036, and at all relevant times was an officer, director, president, vice president, and/or owner of Via Brasil.

## FACTS

13.     Plaintiff Estanislao Tubac Cali worked for Via Brasil from approximately March 2015 through January 2018.  While working for Defendants he performed work as a cleaner and dishwasher.

14.     Plaintiff Estanislao Tubac Cali was typically scheduled to work six days each week.

15.     Plaintiff Estanislao Tubac Cali was scheduled to work from 12:00 p.m. to 12:00 a.m., with a thirty minute break.

16.     Defendants paid Plaintiff Estanislao Tubac Cali a flat weekly wage of approximately $600.00 regardless of the hours he worked. Payment was always provided in cash.

17.     While working for Defendants, on several occasions, the Plaintiff was required to perform work for Defendants without receiving the statutory minimum wage, for all hours worked up to forty in one week, as required by applicable federal and state law.

18.     While working for Defendants, the Plaintiff was regularly required to perform work for Defendants in excess of forty (40) hours per week, without receiving overtime compensation at one and one-half times their regular hourly wage as required by applicable federal and state law.

19.     While working for Defendants, the Plaintiff was regularly required to perform work for Defendants in excess of ten hours per day, without receiving spread of hours compensation at the rate of one additional hour of pay at the basic minimum hourly rate for each shift that exceeded ten (10) hours.

20.     While working for Defendants, the Plaintiff was not provided with wage notices and wage statements in Plaintiff's primary language, as required by applicable New York State law.

21.     Defendants failed to provide Plaintiff with annual wage notices, including information such as the rate of pay and any allowances claimed as part of the minimum wage.

22.     Upon information and belief, Defendants failed to properly document and record the actual number of weekly hours Plaintiff worked and the wages he was paid.

23.     Throughout the Plaintiff's employment, Defendants failed to provide the Plaintiff with an accurate wage statement with every payment of wages, containing information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

24.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

25.     Upon information and belief, under 29 U.S.C § 201, *et seq.*, and the cases

interpreting the same, Via Brasil constitutes an "enterprise engaged in commerce."

26.     Upon information and belief, Defendants engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

27.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

28.     Upon information and belief, Defendant Luis Gomez was an officer, director, shareholder, and/or president or vice president of Defendant Via Brasil and (i) had the power to hire and fire employees for this entity; (ii) supervised and controlled employee work schedules or conditions of employment for this entity; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for Via Brasil.

29.     Upon information and belief, Defendant Luis Gomez dominated the day-to-day operating decisions of Defendant Via Brasil, made major personnel decisions for Via Brasil, and had complete control of the alleged activities of Via Brasil, which give rise to the claims brought herein.

30.     Upon information and belief, Defendant Luis Gomez was a supervisor, officer and/or agent of Via Brasil, who acted directly or indirectly in the interest of Via Brasil, and is an employer within the meaning of the Fair Labor Standards Act.

31.     Luis Gomez in his capacity as officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of payment for Via Brasil employees.

32.     At all times relevant to this action, the Plaintiff performed labor at Defendants' restaurant, for the benefit of and at the direction of Defendant Luis Gomez.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA MINIMUM WAGE

33.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 hereof.

34.     Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

35.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

36.     Via Brasil constitutes an "employer" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, is liable for violations of the FLSA.

37.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Defendant Luis Gomez constitutes an "employer" for the purpose of the FLSA and, consequently, is liable for violations of the FLSA.

38.     The Plaintiff was Defendants' employee, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

39.      Defendants failed to pay Plaintiff minimum wages for all hours worked, in violation of 29 U.S.C. § 206.

40.     Upon information and belief, Defendants' failure to pay the Plaintiff minimum wages was willful.

41.     By the foregoing reasons, Defendant is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA OVERTIME COMPENSATION**

42.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 41 hereof.

43.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

44.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

45.     Defendant Via Brasil constitutes an "employer" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, is liable for violations of the FLSA. § 203(d).

46.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Defendant Luis Gomez constitutes an "employer" for purposes of the FLSA and, consequently, is liable for

violations of the FLSA.

47.     Plaintiff is an employee, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

48.     Upon information and belief, Defendants failed to pay the Plaintiff overtime wages at the rate of one and one half times the regular rate of pay, for the hours over forty he worked in any given week in violation of 29 U.S.C. § 207.

49.     Upon information and belief, Defendants' failure to pay the Plaintiff his rightfully owed overtime compensation was willful.

50.     By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: <br> NEW YORK MINIMUM WAGE

51.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 50 hereof.

52.     New York State law mandates that employees be paid at least a minimum hourly rate for every hour that they work. See 12 NYCRR § 146-1.2.

53.     12 NYCRR § 146-1.2 states that "[t]he basic minimum hourly rate shall be $7.25 per hour, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

54.     NYLL § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

55.     Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

56.     As a person employed for hire by Defendants, the Plaintiff was an "employee," as understood in NYLL § 651.

57.     Pursuant to NYLL § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

58.     As an entity that hired the Plaintiff, Via Brasil is an "employer."

59.     As the person who hired the Plaintiff, Luis Gomez is an "employer."

60.     Upon information and belief, Defendants failed to pay Plaintiff minimum wages for all hours worked, in violation of Title 12 NYCRR § 146-1.2 and NYLL § 663.

61.     Upon information and belief, Defendants' failure to pay the Plaintiff minimum wages was willful.

62.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.2 and NYLL § 663, and are liable to the Plaintiff in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK OVERTIME COMPENSATION LAW**

63.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 62 hereof.

64.     New York State law mandates that employers pay their employees one and one-half times their regular minimum wage rate for any hours over forty that they work per week. See 12 NYCRR § 146-1.4.

65.     12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for

overtime at a wage rate of one and one half times the employee's regular rate for hours worked in excess of forty (40) hours in one workweek."

66.     Plaintiff regularly worked more than forty (40) hours a week while working for Defendants.

67.     Defendants failed to pay Plaintiff overtime wages for all hours worked over forty (40) in any given week, in violation of 12 NYCRR § 146-1.4 and NYLL § 663.

68.     Upon information and belief, Defendants' failure to pay the Plaintiff his earned overtime wages was willful.

69.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4 and NYLL § 663, and are liable to the Plaintiff in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION:
## NEW YORK SPREAD OF HOURS LAW

70.     Plaintiff repeats and re-alleges the allegations set in paragraphs 1 through 69 hereof.

71.     Title 12 NYCRR § 146-1.6 requires that "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

72.     When Plaintiff worked in excess of ten hours per day, Defendant did not pay Plaintiff an additional hour of pay at the minimum hourly wage rate.

73.     Defendants' failure to pay spread of hours compensation was willful.

74.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
## <u>NEW YORK § 195(1) WAGE NOTICE VIOLATION</u>

75.     Plaintiff repeats and re-alleges the allegations set forth in in paragraphs 1 through 74 hereof.

76.     Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

77.     Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

78.     At the time of hire, Defendants did not provide Plaintiff with a wage notification informing Plaintiff of, among other things, (1) his regular rate of pay, (2)his overtime rate of pay, (3) the basis of his rate of pay (e.g., whether he was an hourly employees), or (4) the regular pay day designated by Defendants.

79.     Defendants violated NYLL § 195(1) by failing to provide Plaintiff with wage notifications containing the information required by NYLL § 195, *et seq.*

80.     The failure of Defendants to provide Plaintiff with wage notifications in violation of NYLL § 195 was willful.

81.     By the foregoing reasons, Defendants are liable to the Plaintiff in the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**SEVENTH CAUSE OF ACTION**
**NEW YORK § 195(3) WAGE STATEMENT VIOLATION**

82.     Plaintiff repeats and re-alleges the allegations set forth in in paragraphs 1 through 81 hereof.

83.     Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

84.     Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

85.     The Plaintiff did not receive any wage statements from the Defendants.

86.     Defendants violated NYLL § 195(3) by failing to provide Plaintiff with wage statements containing the information required by NYLL § 195(3).

87.     The failure of Defendants to provide Plaintiff with wage statements in violation of NYLL § 195 was willful.

88.     By the foregoing reasons, Defendants are liable to Plaintiff the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

89.     By the foregoing reasons, Defendants have violated the FLSA, 29 U.S.C. §§ 207,

and 216(b), NYLL § 663, 195, 198, and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS:
<u>NEW YORK FAILURE TO PAY WAGES</u>**

90.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 89 hereof.

91.     Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff, are protected from wage underpayments and improper employment practices.

92.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

93.     As a person employed for hire by Defendants, the Plaintiff is an "employee," as understood in Labor Law §190.

94.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

95.     Pursuant to Labor Law § 650 et seq., the Plaintiff was entitled to be paid by Defendants for each hour worked.

96.     As an entity that hired the Plaintiff, Defendants are "employers."

97.     In failing to pay the Plaintiff wages for the first forty hours worked in a week and in failing to pay the Plaintiff wages for all hours worked, Defendants violated Labor Law § 191, by failing to pay the Plaintiff of his wages earned within the week such wages were due.

98.     Upon information and belief, Defendants' failure to pay the Plaintiff wages for the first forty hours worked in any week and failure to pay the Plaintiff wages for all hours worked was willful.

99.     New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

100.    Upon information and belief, Defendants' failure to pay the Plaintiff wages earned for all hours worked in one week was willful.

By the foregoing reasons, Defendants have violated New York Labor Law §190 et seq., and 650 et seq. and are liable to Named Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, liquidated damages, attorneys' fees and costs.

**WHEREFORE**, the Plaintiff demands judgment:

(1)     on his first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus attorneys' fees and costs; and

(2)     on his second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus attorneys' fees and costs; and

(3)     on his third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(4)     on his fourth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor

Law sections; and

(5)      on his fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(6)      on his sixth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(7)      on his seventh cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(8)      on his eighth cause of action against Defendants, in an amount to be determined at trial, plus liquidate damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(9)      Such other and further relief the Court deems just and proper.

Dated: New York, New York
       July 11, 2018

               VIRGINIA & AMBINDER, LLP

              By:     /s/Lloyd R. Ambinder___
                      Lloyd R. Ambinder, Esq
                      Leonor H. Coyle, Esq.
                      40 Broad Street, 7th Floor
                      New York, NY 10004
                      Tel:    (212) 943-9080
                      Fax:    (212) 943-9082
                      lcoyle@vandallp.com

                      *Attorneys for the Plaintiff*